DAVID TAYLOR, PROSECUTOR, v. SMALL CAUSE COURT FOR CAMDEN COUNTY, HOLDEN BEFORE AMOS KREWSON, JUSTICE OF THE PEACE, ET AL., DEFENDANTS.

Argued July 17, 1939—Decided August 3, 1939.

Before Justice DONGES, by consent.

For the prosecutor, *Harry Grossman.*

For the defendants, *Harold W. Bennett* and *Frank M. Lario.*

DONGES, J. This is a *certiorari* to review a judgment of dispossession entered by a justice of the peace. The landlord instituted the proceeding to recover possession of the premises for non-payment of rent. The premises are located in Camden county, wherein there is a District Court, to wit, the District Court of the city of Camden, but are not located within the city of Camden.

The contention of the prosecutor is that justices of the peace have no jurisdiction under the Landlord and Tenant act in counties wherein there is located a District Court. A review of the history of the legislation is necessary in consideration of the question presented.

By *Pamph. L.* 1903, *p.* 26, as amended *Pamph. L.* 1910, *p.* 233; *Comp. Stat., p.* 3070, the then section 1 of the Landlord and Tenant act provided:

"Any lessee or tenant at will or at sufferance or for a part of a year, or for one or more years, of any houses, lands or tenements, and the assigns, undertenants or legal representatives of such tenant or lessee, may be removed from such premises by any district court in the county where such premises are situated, or, if such premises do not lie within a county in which there is a district court then by any justice of the peace of the county where such premises are situated in the manner hereinafter prescribed in the following cases; provided, that this act shall not be construed so as to give justices of the peace jurisdiction where district courts are established by law:"

Then follow provisions giving this right of removal where tenants hold over or after default in rent.

With the statute reading so, the Supreme Court held in *Hopkins* v. *Lyon,* 81 *N. J. L.* 23, "On April 8th, 1910, the amendment to the Landlord and Tenant act, already quoted, was passed and took effect immediately. By force of this amendment jurisdiction to remove tenants was conferred upon any District Court in the county where the premises were situated and deprived justices of the peace of jurisdiction where such a District Court had been established by law." The jurisdiction of the justice of the peace was there upheld because the District Court judge had not qualified and

entered upon the performance of his duties when the proceeding before the justice was commenced, and the court therefore took the view that no District Court had been established. The construction of the statute, however, stands.

By an amendment of 1913, page 743, and a further amendment of 1915, page 96, *Cum. Supp. Comp. Stat., p.* 1774, it was provided that the removal might be made "by any District Court in the county where such premises are situated or by any justice of the peace of the county where such premises are situated in the manner hereinafter prescribed in the following cases:" naming the two cases above mentioned. However, section 2 of the act was not made to conform with section 1 and it provided that the affidavit should be filed "with the clerk of any District Court within the limits of the county in which the premises are situated, or in case the premises do not lie within a first class county or within a city or a judicial district in which there is a District Court, then with any justice of the peace of the county in which the premises are situated;  *  *  *." In this posture of the law the Supreme Court held in *Hadelman* v. *Harris,* 93 *N. J. L.* 66:

"Section 1, taken alone, seems to confer jurisdiction generally on both District Courts and justices of the peace but when considered with section 2, it is plain that the jurisdiction of the justices is restricted to cases where the premises lie neither within a first class county nor in a city or judicial district in which there is a District Court  *  *  *."

The situation then was that District Courts had exclusive jurisdiction in first class counties and in cases where the premises were in a city or judicial district where there was a District Court. In cases where the premises were in a county having a District Court but lay outside the city where the court was situated (as is so in the instant case) the District Court and justices of the peace had concurrent jurisdiction.

So the statute remained until 1937 when chapter 23, *Pamph. L.* 1937, now *R. S.* 2:58-17 was adopted, in what is said to have been, and apparently was, an effort to extend the jurisdiction of District Courts to the removal of disorderly

tenants, it having been held in *Monahan* v. *Englewood*, 108 *N. J. L.* 249, that an amendment to the District Court act was ineffective for that purpose. Whatever the purpose of the amendment of 1937 may have been, the fact remains that the language of section 1 was restored, in the parts pertinent to the present discussion, so that it reads as it did by the 1910 amendment, discarding the wording of the 1913 and 1915 amendments. *R. S.* 2:58-17 now provides that tenants "may be removed from such premises by any District Court in the county where such premises are situated, or, if such premises do not lie within a county in which there is a District Court, then by any justice of the peace of the county where such premises are situate in the manner hereinafter prescribed in the following cases; provided, that this section shall not be construed so as to give the justices of the peace jurisdiction where District Courts are established by law: * * *." Then follow the former cases of hold-over tenants and default in rent, and the new case of disorderly tenants.

So that, the statutory language, so far as the Landlord and Tenant act is concerned, is precisely the same now as it was when the Supreme Court construed it in 1911 in *Hopkins* v. *Lyon, supra.* I am constrained therefore to follow the holding of that case and to reach the conclusion that by the terms of the Landlord and Tenant act the District Court of the city of Camden has exclusive jurisdiction over proceedings under that act for the removal of tenants where the premises are located anywhere within Camden county as well as within the city of Camden. In the Hopkins case the District Court was in a judicial district which did not embrace the entire county, but only certain designated municipalites, not including the town of Boonton, in which the premises were located; a situation analagous to that in the instant case where the District Court is located in the city of Camden and the premises in question are in Pennsauken township.

There remain to be considered the provisions of the Revised Statutes respecting the jurisdiction of justices of the peace, which provisions were, of course, adopted concurrently with the Landlord and Tenant act in its present wording. *R. S.* 2:9-16 provides:

"Subject to the limitations stated in section 2:8-46 of this title, the jurisdiction of a justice of the peace holding a small cause court shall extend to:  *  *  *

"B. Proceedings between landlords and tenants and actions of forcible entry and detainer."

Section 2:8-46 above noted excludes justices of the peace generally in civil cases from exercising any jurisdiction where a defendant resides in a city or district where there is a District Court and where the justice himself resides in such a city or district, so is not applicable here.

In so far as it may conflict with the Landlord and Tenant act, I think *R. S.* 2:9-16 cannot prevail and be so construed as to give general jurisdiction to justices of the peace in such cases. The Landlord and Tenant act is one which deals specially with a subject and where a general act and one dealing with a subject specially conflict, the one which deals specially must control. *Ackley* v. *Norcross*, 122 *N. J. L.* 569. Furthermore, the right to summary removal is entirely statutory and the statute which gives the right must control. Without the Landlord and Tenant act there would be no right to or procedure for summary removal. Following the reasoning of *Manahan* v. *Englewood, supra,* I think the landlord must look to the Landlord and Tenant act for his right to remove the tenant and cannot rely here upon the Small Cause Court act, just as in that case the landlord was held to receive no rights under the District Court act if they were not conferred by the Landlord and Tenant act.

The same reasoning, I think, disposes of the argument that the Landlord and Tenant act is unconstitutional in so far as it attempts to effect any change in the Small Cause Court act.

The judgment is set aside, with costs.